## Abstract of the Decision.

SALES, § 352*—*when purchaser may recover overpayments resulting from shortage in weights.* In an action to recover overpayments made on a carload of junk purchased by plaintiffs of defendants at a certain price a pound, it appeared that an agent of defendants represented in a memorandum that there was a certain number of pounds of different kinds of metal consisting of, brass, copper, white borings, yellow borings, brass and iron, and copper and iron, and that one of the plaintiffs inquired what the white borings were and was told to go to investigate the same at the place they were loaded in the car, which he did, and it appeared that the plaintiffs after receiving the car found there was a shortage in weight on several items and very much less "brass" than the memorandum called for, and a very much greater weight of the item of "brass and iron." The defense to the action was that defendants did not warrant the brass to be free from iron and that plaintiffs could not recover the shortage because one of them inspected the car. *Held,* that the inspection was to ascertain what was meant by "white borings," that the plaintiffs had no opportunity to ascertain the weights of each kind of metals in the car and that a verdict for plaintiffs was proper.

---

## Alma Shurlow, Appellee, v. Lester J. Hoadley, Appellant.

### Gen. No. 5,847. (Not to be reported in full.)

Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed April 15, 1914.

## Statement of the Case.

Action by Alma Shurlow against Lester J. Hoadley to recover for personal injuries sustained by plaintiff while riding in a buggy with her husband. The injury was caused by defendant's automobile striking the hind wheel of the buggy when defendant attempted to pass the buggy from behind. The wheel was "dished"

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

and that corner of the buggy went down to the ground and plaintiff was injured. From a judgment entered on a verdict for plaintiff for two thousand dollars, defendant appeals.

McDougall & Chapman, for appellant.

E. J. Kelly and L. W. Brewer, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

### Abstract of the Decision.

1. Automobiles and garages, § 3*—*when instruction erroneous.* In an action for injuries resulting from collision with an automobile in the nighttime, an instruction allowing plaintiff to recover because of a violation of the statute requiring motor vehicles to carry sufficient lights without submitting the questions whether failure to comply with statute caused or contributed to the injuries or whether defendant operated his automobile in a negligent manner, *held* erroneous.

2. Evidence, § 423*—*when expert testimony whether injury was due to accident improper.* In an action for personal injuries permitting expert witnesses to testify, over objection, in answer to hypothetical questions, that in their opinion a fractured rib and a dislocated kidney were due to the accident, *held* improper as such questions were to be determined by the jury.

3. Trial, § 139*—*when remarks of counsel concerning instructions to be offered by opponent improper.* Action of plaintiff's counsel in his address to the jury seeking to cause the jury to look with suspicion upon the instructions to be given on behalf of defendant, *held* improper.

4. Negligence, § 250*—*when admission of improper evidence and improper remarks of counsel prejudicial.* In an action by a wife for personal injuries, where counsel for plaintiff, over objection, succeeded in getting before the jury the poverty of plaintiff's husband, and an appeal was made to the jury in behalf of "her little family of children," though the latter remark was withdrawn, *held* that the effect of such proof and of such remark was prejudicial.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.